■ HERMAN C. WAGNER et al., Appellants, v. ESTHER T. MINNICK et al., Respondents.— In an action for specific performance and for other relief,

plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County, dated August 5, 1959, as denied their motion for summary judgment, pursuant to rule 113 of the Rules of Civil Practice. Order insofar as appealed from reversed, without costs, and motion granted. The subject agreement applied to any transfer of an interest in the property, whether by sale or gift. The transfer of defendant Minnick's interest to defendant Payne violated the agreement, and the question whether it was a sale or a gift is irrelevant and raises no triable fact issue. Nor does defendant Minnick raise a triable fact issue by stating that she " understood and believed " that the joint tenancy in the property was merely a temporary expedient, since proof of such alleged understanding and belief is barred by the parol evidence rule (*Hopper* v. *Lisek,* 15 Misc 2d 661, affd. 9 A D 2d 769; *MacKenzie* v. *Muncie,* 54 N. Y. S. 2d 52). There being no triable fact issue, plaintiffs are entitled to summary judgment. We do not believe they are entitled to the relief they now demand, namely, a conveyance of defendant Minnick's interest in the property for the consideration fixed in the subject agreement, since: (1) the agreement did not permit one co-owner to forcibly divest the other co-owner of her interest; (2) under all the circumstances it would be inequitable now to compel the conveyance sought by plaintiffs; and (3) in view of the reconveyance from defendant Payne to defendant Minnick, plaintiffs can now be made whole by restoring the original joint tenancy of the property and, under the circumstances, that is all the relief to which they are entitled. Hence, plaintiffs are now entitled to a judgment declaring: (a) that the deeds from defendant Minnick to defendant Payne, and from defendant Payne to defendant Minnick, are null and void; and (b) that plaintiffs and defendant Minnick are joint tenants of the subject property, with the survivorship rights and other rights set forth in the deed and collateral agreement executed on June 22, 1951. Beldock, Ughetta, Pette and Brennan, JJ., concur; Nolan, P. J., dissents and votes to affirm, with the following memorandum: The agreement which is the subject of this action does not by its express terms apply to a transfer of an interest in the property by gift and may not be so interpreted except by construction in accordance with the intent of the parties. If there is an ambiguity in the agreement which requires such construction, there is a question of fact which should not be decided on a motion for summary judgment (cf. *Trustees of East Hampton* v. *Vail,* 151 N. Y. 463). If there is no ambiguity and the agreement may be interpreted as a matter of law as applying to a gift of the property, we should not by further construction determine the meaning of the contract with respect to the rights of the parties thereunder, or determine that it would be inequitable to enforce the agreement, without giving plaintiffs an opportunity to establish their cause of action on trial. Settle order on notice promptly in accordance herewith.